# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **HUGH KEVIN WOODDELL,** | ) | Civil Case No. 7:11cv00582 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **BATH COUNTY** | ) | |
| **SHERIFF'S DEPT.,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Hugh Kevin Wooddell, a Virginia inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against the Bath County Sheriff's Department, Larry Northfleet, and Winford Smith alleging that the Sheriff's Department and Smith unlawfully searched and seized his property. However, despite being given the opportunity to amend his complaint, Wooddell does not allege any facts against defendant Northfleet. Accordingly, the court dismisses Wooddell's complaint without prejudice against Northfleet. Further, because Eleventh Amendment sovereign immunity extends to the Bath County Sheriff's Department, the court dismisses Wooddell's complaint without prejudice against the Bath County Sheriff's Department.

## I.

To state a claim for relief under §1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inasmuch as Wooddell has not alleged any facts against defendant Northfleet, the court dismisses this action against Northfleet.

## II.

"The Eleventh Amendment limits the Article III jurisdiction of the federal courts to hear cases against States and state officers acting in their official capacities." Kitchen v. Upshaw, 286 F.3d 179, 183-84 (4th Cir. 2002). This sovereign immunity "extends also to state agents and state instrumentalities, or stated otherwise, to arms of the State and State officials." Cash v. Granville County Bd. of Educ., 242 F.3d 219, 222 (4th Cir. 2001) (citations and quotations omitted). In Virginia, federal district courts have consistently held that a sheriff and a sheriff's department are "arms of the Commonwealth of Virginia and that they, therefore, are entitled to invoke the defense of immunity from suit pursuant to the Eleventh Amendment." Blankenship v. Warren County, 918 F. Supp. 970, 974 (W.D. Va. 1996), modified, 931 F. Supp. 447, 449 (W.D. Va. 1996): see also Davis v. County of Amherst, Civil No. 6:07cv00017, 2008 U.S. Dist. LEXIS 15853, 2008 WL 591253 at *1 (W.D. Va. Mar. 3, 2008); Smith v. Fisher, No. Civ.A. 5:01-CV00026, 2002 U.S. Dist. LEXIS 1938, 2002 WL 192563 at *3 (W.D. Va. Feb. 7, 2002); Harris v. Hayter, 970 F. Supp. 500, 502 (W.D. Va. 1997); cf. McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 892-93 (E.D. Va. 1992) (holding that "local jails are arms of the state for Eleventh Amendment purposes" and noting that "members of the Sheriff's office who administer the jails are State officers"). Because "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983," Howlett v. Rose, 496 U.S. 356, 365 (1990), Wooddell's complaint against the Bath County Sherriff's Department must be dismissed.[1] However, to the extent that Wooddell claims any damages for his alleged constitutional violations, Eleventh

---

[1] Even if Eleventh Amendment immunity did not extend to the Bath County Sheriff's Department, Wooddell has still failed to state a proper § 1983 claim against this defendant. Local governments "cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id at 694. Having alleged no such policy or custom, Wooddell's complaint does not state a claim for relief against the Bath County Sheriff's Department.

2

Amendment immunity would not preclude Wooddell from bringing an individual capacity § 1983 action against the law enforcement officers responsible for the alleged constitutional violation.  See Hafer v. Melo, 502 U.S. 21, 30-31 (1991) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983."); Beardsley v. Webb, 30 F.3d 524, 531-32 (4th Cir. 1994) (holding that the Eleventh Amendment does not apply to an individual capacity suit against a Virginia deputy sheriff).

### III.

For the reasons stated, the court dismisses Wooddell's claims against defendants Northfleet and Bath County Sheriff's Department.  Accordingly, only Wooddell's claim against defendant Smith remains.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 23rd day of May, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE