IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HUGH KEVIN WOODDELL, | ) | |
| Plaintiff, | ) | Civil Action No. 7:11-cv-00582 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BATH COUNTY SHERIFF'S DEP'T, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Plaintiff Hugh Kevin Wooddell, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendant committed unlawful searches and seizures arising out of Wooddell's arrest and the execution of a subsequent search warrant. Defendant has filed a motion for summary judgment and Wooddell has filed a response, making this matter ripe for disposition. For the reasons stated herein, the court grants defendant's motion for summary judgment.

### I. Plaintiff's Allegations

Wooddell alleges that on February 1, 2010, he was arrested and that his property was unlawfully searched and seized. In addition, Wooddell alleges that on June 21, 2010, law enforcement officials unlawfully searched Wooddell's grandmother's house and seized Wooddell's property.[1]

### II. Defendant's Motion for Summary Judgment

Defendant Lt. Winifred Smith is a Bath County Sheriff's deputy who has been assigned to work with the Alleghany/Highlands Drug Task Force. On February 1, 2010, an operation was put together to serve an arrest warrant on Wooddell, a convicted felon who had previously sold firearms to a confidential informant. The arrest warrant was based upon an indictment issued by

---

[1] Specifically, Wooddell claims that on February 1, 2010 and June 21, 2010, law enforcement unlawfully seized a tree stand, a gas generator, his truck, his power tools, a 2-way radio, a radio antenna, his "legal documents" (including vehicle titles), his wallet which contained $900 cash, his briefcase which contained $7,000 cash, a fifth-wheel hitch, a car battery, a socket wrench set, and two fishing poles.

the grand jury.  See Indictment at Exhibit 1.[2]  According to Lt. Smith's affidavit, because Wooddell had been heard making statements that he would not go back to jail, precautions were taken and the Alleghany County Emergency Response Team was utilized along with members of the Drug Task Force and Bath County Sheriff's Office.  Lt. Smith states that although he provided assistance with the traffic stop of Wooddell, he did not initiate the stop or detain or search Wooddell.

Corporal Weaver of the Bath County Sheriff's Office initiated the traffic stop of Wooddell on February 1, 2010.  See Capias Order at Exhibit 1.  Smith states that Wooddell was arrested without incident.  Smith's role during the stop was to detain the female passenger.  See Virginia State Police Investigative Report at Exhibit 2.  Smith did not arrest Wooddell.

After Wooddell's arrest, Special Officer W.A. Wagner searched Wooddell's truck and seized methamphetamine, 14 ½ Oxycodone pills, a Crossman air gun pistol, shotgun shells, $457.92 in Wooddell's wallet and pocket, and various other personal property.  Id.; see also US Currency Accounting Report at Exhibit 4.  Special Agent Willis of the Virginia State Police seized Wooddell's truck and it was taken to the Alleghany County Government Complex in Low Moor.  See Asset Seizure Reporting Form at Exhibit 3.  Lt. Smith did not search Wooddell's vehicle or seize any of his property.  On the same day as Wooddell's arrest, Special Officer Walton deposited the seized cash with First National Bank.  See Bank Deposit Slip and Receipt at Exhibit 5. Lt. Smith did not seize Wooddell's cash and was not involved in depositing it at the bank.

On February 3, 2010, Wooddell's mother, Darlene Wooddell, met with Special Officer Walton who returned all of Wooddell's personal property to her and she signed a receipt acknowledging the return of the property.  See Receipt for Property Received/Returned/Released

---

[2] All citations to Exhibits herein refer to the exhibits attached to defendant's motion for summary judgment.

2

at Exhibit 6.  Lt. Smith did not have custody of Wooddell's personal property or any involvement with taking inventory or releasing the personal property to Wooddell's mother. Special Agent David Willis determined that due to the condition of Wooddell's truck and the amount Wooddell still owed on it, he would not proceed with asset forfeiture.  See Seized Property Disposition Sharing Decision Form at Exhibit 7.  The lien holder, GMAC, was notified when the truck was seized and GMAC indicated that it wanted the truck back.  On March 11, 2010, Special Agent David Willis released the truck to the lien holder's representative, Larry Ramsey.  See Receipt for Property Received/Returned/Released at Exhibit 8.  Lt. Smith was not involved with the seizure of the truck, storage of the truck, or the release of the truck to the lien holder.

On June 21, 2010, pursuant to a search warrant executed by Special Agent Allen Brown of the Virginia State Police, the following items were seized: a water pump, two portal climbing tree stands, fishing poles, and a red exterior light fixture.  See Search Warrant at Exhibit 9.  Lt. Smith assisted with the execution of this search warrant, but he was not responsible for the seizure of those items.

On November 19, 2010, Wooddell was convicted of possessing a firearm after being convicted of a felony, in violation of Va. Code § 18.2-308.2, and two counts of possession of a Schedule II controlled substance, in violation of Va. Code § 18.2-250.

**III.**

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988).  Although Wooddell, in his initial complaint, makes the bald assertion that Lt. Smith unlawfully searched and seized his property, it is clear to the court,

through the uncontroverted documentation provided in support of Lt. Smith's motion for summary judgment, that Lt. Smith was not responsible searching or seizing any of Wooddell's property at issue.[3] Lt. Smith's mere presence at the scenes of the incidents at issue and his affiliation with the Bath County Sheriff's Office does not make him liable under § 1983. Accordingly, the court grants Lt. Smith's motion for summary judgment.

## IV.

For the reasons stated, the court grants defendant's motion for summary judgment.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This 10th day of August, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] Further, even if Wooddell had named the correct defendants in this action, his claim would nevertheless fail. The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. The United States Supreme Court has analyzed Fourth Amendment seizures based upon "the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security." Pennsylvania v. Mimms, 434 U.S. 106, 108-09 (1977) (quoting Terry v. Ohio, 392 U.S. 1, 19 (1968)). To determine if a seizure is reasonable, the court must "balance . . . the public interest and the individual's right to personal security free from arbitrary interference by law officers." Mimms, 434 U.S. at 109 (quoting United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975)). Officers cannot be held liable under the Fourth Amendment for executing facially valid arrest warrants. Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996). An indictment satisfies, *per se*, the probable cause requirement for a subsequently issued arrest warrant based on the indictment. Kaline v. Fletcher, 522 U.S. 118, 129 (1997). Conviction of the crimes forming the basis of the arrest warrant further validates the lawfulness of the arrest warrant. See Jackson v. Lewis, No. 7:02cv1238, 2004 U.S. Dist. LEXIS 29993 (W. D. Va. 2004) (citing Heck v. Humphrey, 512 U.S. 477, 586-87 (1994). Searches incident to a lawful arrest do not violate the Fourth Amendment. Porterfield, 156 F.3d at 571; United States v. Nelson, 102 F.3d 1344, 1346 (4th Cir. 1996). Property may be seized as a result of the search conducted incident to a lawful arrest. United States v. Edwards, 415 U.S. 800, 807 (1974).

On February 1, 2010, law enforcement executed a facially valid arrest warrant which was issued by a magistrate. The arrest warrant was based upon an indictment and ultimately led to Wooddell's conviction. Wooddell was searched and his property was seized incident to the arrest. Any property that was not relevant to his underlying charge was returned to his mother. Property that was relevant to the underlying charge was kept and disposed of according to the law. There is no evidence that the officers responsible for the searching and seizing Wooddell's property violated his constitutional rights. On June 21, 2012, law enforcement executed a facially valid search warrant. The seized items were inventoried and returned in accordance with the magistrate's directive. Again, there is no evidence that the officers responsible for seizing Wooddell's property violated his constitutional rights.

4